97 So.2d 910

**W. W. MILLS, d/b/a Mills Lumber Sales Co.,**

v.

**George C. FUNCHESS.**

1 Div. 715.

Supreme Court of Alabama.

Nov. 7, 1957.

Moody & Higgins, Mobile, for appellant.

**570**

McCorvey, Turner, Rogers, Johnstone & Adams, Mobile, for appellee.

STAKELY, Justice.

This is a suit by George C. Funchess (appellee) against W. W. Mills individually and doing business as Mills Lumber Sales Company (appellant) to recover for lumber taken from plaintiff's land. It was tried before a jury and resulted in a verdict for the plaintiff. From the judgment rendered thereon, defendant appealed.

The case went to the jury on three counts, the first two declaring upon the breach of a covenant or agreement in writing, and the third upon an account. All of the counts claim the sum of $1,051.08 and the special counts allege a breach of the agreement on the part of the defendant to pay $40 per thousand feet, log scale for 6,777 feet of timber cut from plaintiff's land, to pay the sum of $580 due plaintiff by C. R. George, and in addition to pay $200 for pulpwood cut from the tops of said timber. Defendant's pleas were the general issue and payment.

It appears that plaintiff sold timber on the land in question to one George under a written agreement. After some operation under this contract, George became indebted to plaintiff for timber and an agreement was entered into by him with the defendant Mills, under the terms of which Mills took over the balance of the George contract, agreed to pay the same price for timber to be cut by him, and to pay the balance due by George to the plaintiff. This agreement dated October 8, 1952, is as follows:

"Said Mills Lumber Sales Co., agrees to buy from said George C. Funchess balance of said Merchantable timber on said land of George C. Funchess that was sold to C. R. George. Said Mills Lumber Sales Co. agrees to cut and move balance of said timber as soon as possible and said Mills Lumber Sales Co., agrees to pay said George C. Funchess $40.00 per thousand (1000) ft. log scale for all timber cut and moved along with balance due him from C. R. George of which the amount is $580.00. (This $580.00 along with $40.00 per 1000 ft. log scale to be paid by Mills Lumber Sales Co.)

"Said Mills Lumber Sales Co. further agrees to personally see that all of George C. Funchess timber is cut in accordance with agreement with said C. R. George and look after what pulpwood is cut from tops of the above timber."

At the same time an agreement was entered into between defendant and George, recognizing that defendant would take over the contract and that George would pay defendant the amount of $580 defendant had agreed to pay plaintiff.

Plaintiff contended that he was not paid the $580 due by George, that he was not paid for 6,777 feet of timber cut by defendant and was not paid anything for pulpwood cut from the tops of the timber. Defendant contended that he had given a check to plaintiff on December 20, 1952, in the amount of $2,089.56, which included the $580 due by George and the amount due for all timber cut by defendant. It was further

contended that under his agreement he was not obligated to pay anything for pulpwood. Defendant's evidence was to the effect that the check was given on the demand of plaintiff that he be paid all that was due him up to date; that the statement of stumpage made at the time of giving the check included timber previously cut by George (the subject of his debt) and timber cut by defendant up to that time; that the check bore the notation "payment in full", and that defendant cut no timber from plaintiff's land after the giving of that check.

■ Considering first the issue of payment, while the check, as introduced in evidence, does bear the notation or notations, "For logs payments" (said to have been in pencil), "In full up to date", the evidence is in sharp conflict as to whether the notation "in full up to date" was present on the check when it was accepted and negotiated by the plaintiff. Plaintiff's evidence was further to the effect that it was not and further that he called attention at the time the check was given to him, that it did not include that $580 due by George. Defendant's evidence was just as positive that the notation was present on the check and that plaintiff accepted it without question, but as a full settlement of all that defendant was due. Clearly as to this the question was one proper only for jury determination.

Whether, as a matter of fact, the payment made included that balance owing by George to plaintiff, rests in contradictory evidence. Plaintiff's evidence tends to show that defendant cut a stated footage of timber after taking over the contract where George left off and that the amount of the check was equal to that footage multiplied by $40 per thousand feet—the price contracted for—and took no account of the George indebtedness. His evidence tended further to show that the footage claimed for in the complaint was cut by defendant after the payment was made. Defendant, on the other hand, introduced evidence tending to show that the statement made up by his bookkeeper when the check was given included log reports made by George to defendant, and that defendant had himself cut no timber subsequent to or not included in the payment.

■ The question of the claim for pulpwood depended much upon the interpretation of that part of the contract quoted above. Plaintiff testified that defendant agreed to pay for the pulpwood, testified as to the customary way of handling it, the quantity produced per thousand feet of timber, and the price thereof. This evidence produced objections on the part of defendant and adverse rulings thereon were made the basis of some of the assignments of error, which we shall later consider. His evidence was to the effect that he had never dealt in or with pulpwood and made no agreement with plaintiff as to paying him for any pulpwood.

In brief for appellant it is argued that the court erred in permitting plaintiff to testify to an oral agreement made by defendant with respect to the pulpwood. In overruling defendant's objections the trial court stated that the written agreement as to this item was ambiguous, that the court itself could not determine its meaning without explanatory evidence. There was no error in admitting such evidence. Coley v. W. P. Brown & Sons Lbr. Co., 251 Ala. 235, 37 So.2d 125.

■ There was no error in permitting plaintiff as a witness to testify as to the price paid for pulpwood in the area at the time of this transaction. Coley v. W. P. Brown & Sons Lbr. Co., supra. As to the witness' qualification, there was evidence of his long familiarity with the business and with the customs and prices prevailing in the community.

■ Admission in evidence of the prior contract between plaintiff and George was proper. The contract with defendant by its terms adopted the prior contract to the extent stated. So far as we can determine, it could have had no material effect upon the issues litigated, being simply a contract whereby George was sold timber at the same price fixed in defendant's contract.

Error is assigned in refusing the affirmative charge, requested by defendant. As we have indicated, the evidence was in irreconcilable conflict upon each of the factual issues, and this conflict was for the jury to reconcile. The affirmative charge in such a situation is not proper. For the same reason the motion for new trial was properly overruled.

Defendant's requested charge 2 was properly refused for use of the term "if you believe", instead of the appropriate language. Pittman v. Calhoun, 231 Ala. 460, 165 So. 391. Moreover, the substance of the charge was substantially covered by the oral charge.

Upon a careful examination of the record we are impressed with the impartial, painstaking conduct of the trial by the court below. Finding no error in any of the rulings assigned and argued the judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and COLEMAN, JJ., concur.