324 So.2d 791

**V. C. EVANS**

v.

**Joseph J. NEWSOME and Donald R. Allison.**

**Civ. 609.**

Court of Civil Appeals of Alabama.

Dec. 31, 1975.

Tweedy, Jackson & Beech, Jasper, for appellant.

Elliott, O'Rear & Robinson, Jasper, for appellees.

HOLMES, Judge.

This appeal is taken from a jury verdict and judgment thereon rendered in the Circuit Court of Winston County, Alabama.

The action was one for the destruction of the plaintiffs' ungathered corn crop and for the breach of a lease preventing plaintiffs from growing a corn crop the following growing season. The jury found in favor of plaintiff-appellees Joseph Newsome and Donald Allison, and against defendant-appellant V. C. Evans. Plaintiffs' damages were assessed at $1,500.

The issues on this appeal are whether the trial court erred to reversal in the admission of certain evidence concerning corn grown by plaintiffs on a tract of land different from the one concerned here.

The facts as revealed by the record are as follows:

In March of 1972, plaintiff-appellees Newsome and Allison leased 43 acres of land for two years from one Paul Wilson. Plaintiffs proceeded to plant and grow a corn crop on this land. Paul Wilson sold the land to his father, D. E. Wilson, in December of 1972. D. E. Wilson granted defendant an option to purchase the land in May of 1973, and defendant in fact purchased the land later the same month. During that month defendant or his agents destroyed and plowed under plaintiffs' ungathered corn crop on 34 acres of the land in question. This lawsuit ensued.

Able counsel for defendant by his assignments of error contends that the trial court erred to reversal by its admission of evidence regarding corn grown by plaintiffs on a tract of land other than the one which is the subject of the instant lawsuit. The corn was grown on this separate 20 acre tract during the 1973–74 growing season and the evidence concerning it was introduced as tending to show the crop which plaintiffs were prevented from producing on the instant 43 acre tract. Put another way, the evidence concerning the 20 acre plot was introduced for comparative purposes. Defendant argues that the evidence is overly speculative.

■■■ We initially note that there was sufficient competent evidence concerning the value of the destroyed corn alone to sustain the jury's verdict. Plaintiff Allison testified as to the number of bushels of corn per acre remaining ungathered and as to the fair market value of corn per bushel on that date. He then computed the fair market value of the 34 acres of ungathered corn as approximately $5,600. The evidence shows that Allison was in the dairy and farming business, that he had approximately nine acres of corn gathered from the tract in question before it was plowed under, and that he was subsequently engaged in further farming operations. Under these circumstances, we are of the opinion that Allison was qualified to testify as to the amount of ungathered corn and its fair market value. *International Agri. Corporation v. Abercrombie*, 184 Ala. 244, 63 So. 549; *Mills v. Funchess*, 266 Ala. 569, 97 So.2d 910; 31 Am.Jur.2d, *Expert and Opinion Evidence*, §§ 133, 158. The weight of his testimony was for the jury to ascertain. See 9 Ala.Dig., *Evidence*, ☞570 and cases cited thereunder.

As such, it is not essential to our disposition of this cause that we consider defendant's assignments of error. Rule 45, ARCP. However, we feel that the evidence the introduction of which was assigned as error was competent to be re-

ceived. Plaintiffs were attempting to demonstrate the corn crop which they would have produced had they remained in possession of the 43 acre tract. To that end, plaintiff Allison showed their actual production and the fair market value thereof on the 20 acre tract.

Allison's qualifications have already been discussed. He testified that the 20 acre tract was located one-half mile away from the tract in question and that both tracts were similar as regards terrain and soil type.

 In order to be relevant, evidence must tend to establish the fact sought to be proved. *McCormick On Evidence,* § 185. Considering the meaningful similarity between the two tracts and Allison's farming experience, his testimony tended to establish plaintiff's proposition and was thus admissible. The case of *International Agri. Corporation v. Abercrombie, supra,* is authority in point.

There being no error in the record, this case is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.