BOWEN W. SIMMONS, Supernumerary Circuit Judge.
Appellant-defendant, represented here and below by employed counsel, was indicted and convicted by a jury for possessing codeine, a controlled substance. Act No. 1407, Acts 1971, p. 2378, T. 22, § 258 (29), (c)(4)(5), Code of Alabama 1940 (Recom.1958). The court fixed punishment at five (5) years imprisonment. This appeal followed.
It appears from the evidence that Patrick A. Edwards, a deputy sheriff, procured a lawful search warrant thereby authorizing him to search the residence oc *203 cupied by defendant and a woman at 1814 Ballard Drive in Huntsville, Alabama.
Deputy Sheriff Edwards, with the assistance of two fellow officers, initiated the search under the warrant about 7:30 A.M., Saturday, March 2, 1974. They searched the residence and premises.
It appears that Sherry Shelton, the female occupant of the premises, responded to the officer’s knock and opened the front door. She had on a wrap or housecoat, and after being shown the search warrant, admitted the officers; one went to the back door. The officers found defendant in bed, but covered up from his waist down. He had on a visible undershirt. In another room they found defendant’s brother in bed where he had apparently been sleeping.
In making the search they found on the premises the codeine tablets mentioned in the indictment; they also found on the premises numerous other narcotic items, bottles, containers, and tablets that were listed on the return attached to the search warrant. This return covered eight to nine pages, typewritten single-spaces of items that were seized and brought to the trial court or kept available therefor. Some of the items were drugs, related narcotics, empty containers or bottles. We will not undertake to list them. All were found inside the dwelling house or just outside the door in a garbage container and a suitcase.
All these items, including the codeine tablets, were taken, along with a return, to the magistrate who had issued the search warrant. The magistrate designated the returning officer to keep the items in his possession. He produced them in court or kept them available therefor.
The codeine tablets mentioned in the indictment were selected at random by the State toxicologist and were examined by him. He found them to be a controlled substance, namely, a codeine derivative. These tablets were on the searched premises. The magistrate observed the items and released them to Deputy Edwards, the officer who made the return.
I
Appellant asserts that the seized items or property should have been suppressed because the issuing magistrate should have kept the items in his possession and not released them to Officer Edwards, who made the return. Appellant cites T. IS, § 113, Code of Alabama 1940 (Recomp. 1958), which purports to require the issuing magistrate to retain the property in his possession, “ * * * subject to the order of the court to which he is required to return the proceedings, or of the court in which the offense is triable, in respect to which the property was taken.” See also, T. IS, § 116, Code 1940, with respect to search warrant, return and depositions. No mention is made in this section about the seized property.
We construe T. 15, § 113, to authorize the magistrate to deliver the items to Deputy Edwards as a bailee of the magistrate and to hold said items in his custodial possession for use in court; and, also to authorize the bailee to deliver the codeine tablets to the State toxicologist for examination and testing. It appears from the evidence that all the items delivered to the Deputy were produced in court, or kept available therefor at the trial of defendant. The defendant was not prejudiced by the actions of the magistrate in releasing the items to the deputy. At most, the custodial procedure was an irregularity about which defendant cannot complain. He was not prejudiced thereby.
II
We note appellant’s contention that Deputy Edwards, the authorized officer making the search, should not have been permitted to testify as to what was found in the kitchen and bedroom at the Ballard Street premises. In one bedroom, the *204 officer found the white tablets; in another bedroom he testified he found numerous pharmaceutical-type containers— some broken — and their labels; also, that he found outside the house under some garbage bags, a large zipper suitcase, inside of which was a brown paper bag containing 27 containers with labels.
The State, over defendant’s objection, was allowed to introduce into evidence, Exhibit “3”, which was a cardboard box containing 8176 tablets seized under the search warrant. This box (Exhibit 3) contained substances other than the codeine with which the defendant was charged in the indictment.
Judging from the listed items seized as shown in the lengthy return, their pharmaceutical character, names, labels and containers, a reasonable person would be impressed that the several rooms, residence and the curtilage room were used as a storage place for drugs and empty drug containers.
All of this evidence shed light on the use of the premises for drug use and traffic on this residential property. The presence of these items so listed on the return, which was introduced in evidence, created an atmosphere of drug possession and traffic. It is true that only the codeine tablets were mentioned in the indictment, but most of the seized items so listed were related thereto. The presence of the listed items on the premises was a part of the res gestae of the search. They were a part of the same transaction. Brantley v. State, 55 Ala.App. 493, 317 So.2d 337; Miller v. State, Tex.Cr.App., 469 S.W.2d 180; Tyra v. State, Tex.Cr.App., 496 S.W.2d 75, cert. denied, 414 U.S. 1009, 94 S.Ct. 371, 38 L.Ed.2d 247.
We hold that the evidence as to items found on the premises and listed in the return was admissible, and likewise the codeine tablets listed on the indictment. Defendant suffered no prejudicial injury thereby.
Ill
Appellant asserts prejudicial error by the court in refusing the following charge:
“DEFENDANT’S CHARGE NO. 8
“I charge you, Members of the Jury, that the innocence of the Defendant is presumed until his guilt is established by the evidence in all the material aspects of the case, beyond a reasonable doubt, and to a moral certainty, and to the exclusion of every other reasonable hypothesis, and, it may also be said that evidence of guilt must be strong and cogent, and unless it is so strong and cogent as to show that the Defendant is guilty to a moral certainty, the Defendant should be acquitted.
“Refused
“/s/ John D. Snodgrass, C. J.”
The court correctly ruled that Charge 8 was inadmissible. It is not based on the evidence and is abstract. Duchac v. State, 52 Ala.App. 327, 292 So.2d 135(8).
Refused Charges 9, 13 and 14 argued by appellant are either abstract and not based on the evidence, covered by the oral charge, or given charges, or are not applicable to the facts. Duchac, supra; T. 7, § 273, Code 1940 (Recomp.1958).
The judgment of the court is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.