Loftin's Rent-All, Inc., a corporation, filed an action in the Circuit Court of Houston County for goods sold and delivered against Mercer and Company, Inc., David Morris Mercer, individually, and Universal Petroleum Services, Inc. David Morris Mercer was dismissed as a party defendant and a default judgment was rendered against Mercer and Company. A trial before the court without a jury resulted in a judgment in favor of defendant, Universal Petroleum Services, Inc. Loftin's Rent-All appeals. *Page 783 
This is a case of mistaken identity.
Mercer and Company ordered some equipment from Loftin's Rent-All to be used in its contracting business and sought to charge the purchase to its account. Mr. Edward S. Parr, the vice-president and sales manager of Loftin's Rent-All, advised Mr. David Morris Mercer, the president of Mercer and Company, that the company had exceeded its credit limit and that the equipment could not be charged until further credit arrangements were made.
Parr testified that Mercer told him that a management firm, Universal Petroleum Services, Inc., had been retained to manage Mercer and Company and that Mr. Walter L. Johnson of Universal Petroleum Services had been made executive vice-president of Mercer and Company for management purposes; Mercer said that Johnson had completely taken over the day-to-day operation of Mercer and Company and was authorizing all purchases and paying all bills; Mercer also told him to contact Johnson about the purchase of the equipment on credit.
Parr said he called the telephone number given him for Universal Petroleum Services and asked to speak to Mr. Walter L. Johnson. He was connected with a man who said he was Walter L. Johnson and they discussed the Mercer and Company account with Loftin's Rent-All. Mr. Johnson confirmed that he was managing the purchasing and payment of bills for Mercer and Company. Parr testified that on the basis of that telephone conversation and the assurance of Mr. Walter L. Johnson, he extended further credit to Mercer and Company for the purchase of $3,318.89 worth of equipment.
Mr. Mercer said that he told Parr the name of the management firm engaged was Universal Management Consultants, Inc., and that Mr. Walter L. Johnson was its president. When asked whether he had ever dealt with Universal Petroleum Services, Mercer responded that he did not know; the contract was signed with Universal Management Consultants. The agreement between Mercer and Company and Universal Management Consultants showed Universal to be a partnership composed of Walter L. Johnson, Lee W. Johnson, and Bailey Powell.
Mr. Lee W. Johnson, president and chairman of the board of Universal Petroleum Services then testified. He is Walter L. Johnson's brother; Walter did not appear at trial.
Lee W. Johnson said that Universal Petroleum Services is in the business of chartering off-shore drilling rigs. Universal Management Consultants is in the business of assisting business concerns with the planning and management of their operations. Universal Petroleum Services and Universal Management Consultants have the same address as they are located in the same building on the same floor; they do not share offices. They also share the building telephone switchboard.
Universal Petroleum Services and Universal Management Consultants are completely separate entities. There is an interlocking of membership to the extent that, in addition to being president and chairman of directors of Universal Petroleum Services, Lee W. Johnson is a partner in Universal Management Consultants. However, Walter L. Johnson is only a partner in Universal Management Consultants; he has no interest in or control over Universal Petroleum Services. There is no interrelationship between the two businesses; Walter L. Johnson runs the management consultant business exclusively.
Mr. Lee W. Johnson said that Universal Petroleum Services had never extended a guarantee of payment for the debts of Mercer and Company. Furthermore, Universal Management Corporation had agreed only to manage the business of Mercer and Company; at no time had Universal Management Consultants ever extended, or offered to extend, its credit on behalf of the credit of Mercer and Company.
The trial court rendered a judgment in favor of Universal Petroleum Products.
The first issue for review is the trial court's alleged error in excluding evidence of the telephone conversation between Ed *Page 784 
Parr of Loftin's Rent-All and a person who was supposed to be Walter Johnson of Universal Petroleum Services. Appellant Loftin's Rent-All argues that evidence of a telephone conversation is admissible where the witness has called a specific telephone number and the person answering says he is the person called, citing Midwestern Welding Co. v. Coosa Tool Die, Inc., 54 Ala. App. 159, 306 So.2d 25 (1975); McElroy, Lawof Evidence in Alabama 2d, § 329.01.
In Midwestern the witness testified that he called Midwestern Welding Company at the telephone number listed in the directory and talked to a man who identified himself as the purchasing agent for Midwestern Welding. On appeal Midwestern claimed the trial court erred by admitting testimony concerning the telephone conversation. We said that no objection was made to the content of the discussion but only to whether it took place, and that the trial court would not be placed in error unless the matter complained of was called to its attention. We did comment, however, that even had a proper objection been made the trial court was not in error for the conversation was admissible and cited McElroy, Law of Evidence in Alabama 2d, § 329.01, for the proposition that:
 "Where the witness has himself called the telephone number of a specific person or business concern as listed in the telephone directory, and the person answering says that he is the person called for, or that he represents the business concern, the identity of the person answering and also his authority to represent the business concern is sufficiently authenticated, even though the caller does not recognize the voice of the person answering the call."
In the case at bar, Ed Parr, the witness for Loftin's Rent-All, testified that he talked on the telephone to a man who identified himself as Walter Johnson, the person he had been told by David Mercer who represented Universal Petroleum Services. He said his information was that Universal Management Consultants had the same telephone number and office address. Based on our decision in the Midwestern case, we find that the trial court erred in not permitting Parr to relate his conversation with Walter Johnson. The error, however, is harmless.
The rule is that where objection to a question is erroneously sustained, if the same question is again asked and answered without objection the erroneous ruling by the trial court is not reversible error. Mersereau v. Whitesburg Center, Inc.,47 Ala. App. 146, 251 So.2d 765 (1971); Prosch v. Prosch,47 Ala. App. 33, 249 So.2d 855, cert. den., 287 Ala. 740,249 So.2d 860 and 287 Ala. 740, 249 So.2d 861 (1971).
Subsequent to the trial court's refusal to permit Parr to testify concerning his conversation with Walter Johnson, this same witness in answer to questions on direct and cross-examination related that he talked to Walter Johnson of Universal Petroleum Services over the telephone and was given a purchase order number by Johnson. This testimony was admitted without objection.
Loftin's Rent-All next contends that the trial court erred by admitting into evidence the contract entered into between Universal Management Consultants and Mercer and Company, since the contract is not relevant to the issue whether Universal Petroleum Services had agreed to pay Loftin's Rent-All for the equipment. We do not agree.
We consider the written contract relating to the management agreement between Mercer and Company and Universal Management Consultants to be relevant to the question whether Universal Petroleum Services was liable for the equipment delivered to Mercer and Company. Evidence which to any reasonable degree establishes the probability or improbability of fact should be submitted to the trier of fact. George D. Witt Shoe Co. v.Mills, 224 Ala. 500, 140 So. 578 (1932). Furthermore, whether evidence is relevant is largely a matter of discretion with the trial court. Water Supply Board of City of Arab v. Williams,53 Ala. App. 560, 302 So.2d 534 (1974). *Page 785 
In the case at bar the contractual relationship between Mercer and Company and Universal Management Consultants, whereby Walter Johnson of Universal Management Consultants had been made manager of Mercer and Company and who in turn had discussed the purchase of equipment with Ed Parr of Loftin's Rent-Alls, was certainly relevant to the question whether Universal Petroleum Services had agreed to be responsible for equipment purchased from Loftin's Rent-All for Mercer and Company. The trial court found that it was relevant; we do not believe it abused its discretion in so treating it.
Furthermore, even had the trial court erred in admitting the contract, the error would be harmless, since the written document was merely confirmatory of evidence already before the court at the time the written agreement was offered as an exhibit.
 " . . . Prejudicial error may not be predicated upon the admission of evidence which has been admitted without objection or motion to exclude at some other stage of the trial." Turner v. Blanton, 277 Ala. 536, 541, 173 So.2d 80, 84 (1965), overruled on other grounds Lonnie Russell Ford, Inc. v. Mitchell, 279 Ala. 340, 185 So.2d 132 (1966).
At the time the contract between Mercer and Company and Universal Management Consultants was introduced, Morris Mercer had already testified without objection that he told Ed Parr that Mercer and Company had entered into a contract with Universal Management Consultants for the complete management of the company. Pursuant to the contract Walter L. Johnson, who had been named executive vice-president and general manager of Mercer and Company, was making all purchasing decisions and arranging for the payment of all debts on behalf of Mercer and Company. Not only did Loftin's Rent-All fail to object to this testimony, but added to it by questioning on cross-examination. It appears, then, that the written contract only confirmed Mercer's testimony. Therefore, Loftin's Rent-All was in no way harmed by the admission of the contract.
Loftin's Rent-All finally claims that since it is not a party to the contract in question, the contract should have been excluded under the doctrine of res inter alios acta. This "doctrine" is a rule of evidence which excludes evidence of the acts and declarations of non-parties to the lawsuit, or dealings of parties with non-parties, on the ground of irrelevancy. Gruss v. Cummins, Tex.Civ.App., 329 S.W.2d 496,502 (1959). One statement of the doctrine was quoted in Roosth Genecov Production Co. v. White, Tex.Civ.App.,281 S.W.2d 333, 339 (1955), as follows:
 "`Res inter alios acta (things done between strangers) [is] incompetent evidence. This rule precludes the introduction of evidence of transactions by which the proponent was in no way affected and to which he was in no sense a party, or evidence of transactions with which the parties against whom it is offered are not connected. Ordinarily therefore, proof of the acts of, or transactions between strangers, or as to independent and disconnected acts or conduct by one of the parties to the suit, or of contracts or other transactions between either of the parties to a suit and strangers, is within the rule of res inter alios acta and is inadmissible.'"
The rationale underlying this rule of evidence is that such collateral facts "are incapable of affording any reasonable presumption or inference as to the principal matter in dispute." State v. McCarty, Iowa, 179 N.W.2d 548 (1970).
It appears that the focus of the rule of res inter alios acta
is upon the relevancy of the evidence, rather than the fact that the evidence involves the acts or declarations of a non-party, as Loftin's Rent-All stresses. Thus relevant evidence, even though it be the acts or declarations of a non-party to the lawsuit, falls without the scope of the doctrine. As was said by a California court:
 ". . . [A]ny evidence which affords any reasonable presumption or inference *Page 786 as to the principal fact or matter in dispute is proper evidence." Firlotte v. Jessee, 76 Cal.App.2d 207, 172 P.2d 710, 711 (1946) (emphasis theirs).
Our own cases support this conclusion. In Cargall v. Riley,209 Ala. 183, 95 So. 821 (1923), the supreme court said that a conversation between witness and defendant about settlement of an automobile accident case after the collision was res interalios acta; the plaintiff was not present, did not hear it, and was not interested in any settlement. The court went on to say the conversation was irrelevant to the issue in the case and the trial court acted properly in striking the conversation from consideration of the jury. See also Tennessee Valley Sand Gravel Co. v. Pilling, 35 Ala. App. 237, 47 So.2d 236, cert. den., 254 Ala. 14, 47 So.2d 245 (1950); Rattray v. W.P. Brown Sons Lumber Co., 29 Ala. App. 93, 192 So. 285, cert. den.,238 Ala. 548, 192 So. 288 (1939).
In the case at bar the contract that was admitted into evidence was relevant to the issues in the case and therefore was properly admitted.
For the reasons above stated, the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.