WRIGHT, Presiding Judge.
Judgment upon jury verdict was entered for plaintiff against defendant Johnson for breach of a rental agreement and breach of an implied covenant of quiet enjoyment and against defendant Jones for trespass and wrongful interference with business.
The evidence tended to show the following: Plaintiff had an agreement with the husband of defendant Johnson to farm, on halves, twenty-five acres of land owned by Johnson. The husband died in late 1977. In March 1978 plaintiff and Johnson entered into an oral agreement for renting of the land at a rental of $25 per acre. Plaintiff entered on the land and planted a crop of soybeans. He paid the rent in July 1978. He harvested the soybeans and planted a crop of oats in the fall of 1978.
On February 23, 1979, Johnson came to plaintiff’s home and inquired if plaintiff wished to again rent the land. Plaintiff stated that he did, but that he would not have the money to pay the rental until he harvested the oat crop then growing. Johnson responded that if he did not then have the money, she guessed she would have to wait to be paid the rent. She then presented to plaintiff a written document which she had brought with her and which she called a lease agreement. She requested plaintiff to sign it. Plaintiff signed it. That document is as follows:
Rent for land on 25 acres from January 1, 1979 until December 31, 1979. Twenty-five acres of farmland. Twenty-five dollars an acre. Six hundred and twenty-five dollars.
Plaintiff immediately thereafter purchased seed, at a cost of $275, with which to plant a soybean crop on the land after the oats were harvested in the spring of 1979. He had limed the land, prior to planting the oats, with $500 worth of lime in expectation of planting a soybean crop after the oats came off.
In March 1979 Johnson decided to sell her homeplace including the rented land. Without informing plaintiff, Johnson entered into a contract for sale of the land to defendant Jones on April 21, 1979. The contract provided possession be given Jones when the oat crop was harvested. Jones was aware that the oats were plaintiff’s. He thereafter learned that plaintiff claimed a lease of the twenty-five acres with the right to grow a soybean crop after the oats were harvested. Jones and Johnson discussed with plaintiff settlement of his claimed lease.
In May 1979 plaintiff harvested his oats and plowed the land in preparation for planting soybeans. Johnson informed Jones he could have possession. With knowledge of plaintiff’s claimed lease and his preparation of the land for planting, Jones entered on the land and planted his own soybeans. The contract of sale between defendants *1013 remained executory at the time. In June 1979 plaintiff brought his suit against defendants.
After trial the jury found in favor of plaintiff on all causes of action presented to them. Verdict and damages were: breach of contract — $2,500; breach of covenant for quiet enjoyment — $2,000 against defendant Johnson; trespass — no damage; wrongful interference with plaintiff’s business— $4,000 against defendant Jones.
Defendants charge error in the court’s instruction to the jury in seven instances. The first we consider is the objection to the court’s charge as to the defendant’s defense of the statute of frauds.
The record indicates that the court gave defendant’s only written requested charge upon the statute of frauds. The court then gave defendant’s second requested charge with amplification, stating that the written memorandum prepared by defendant Johnson and signed by plaintiff and allowed in evidence was not sufficient as a matter of law to constitute a written contract under the statute of frauds. The jury was thus directed to consider only whether there was an oral contract between plaintiff and Johnson and whether that contract by its conditions was to be performed within one year. By way of attempted explanation of whether an oral contract would come within or without the statute of frauds, the court made additional remarks. Defendant objected to these remarks, stating they were erroneous and misleading and not in conformity with the statute.
Though the remarks were not in the exact words of the statute, they were not contrary to it nor to defendant’s requested charge already given by the court. Neither were the remarks misleading when considered in light of the evidence and the entire oral charge. When considering charged error in instructions by the court to the jury, this court looks to the entire charge. Alabama Power Co. v. Tatum, 293 Ala. 500, 306 So.2d 251 (1975); Wren v. Blackburn, 293 Ala. 393, 304 So.2d 187 (1974). We find reversible error only if the charge is prejudicial when viewed in its entirety. Beltline, Inc. v. Powell, 371 So.2d 920 (Ala.Civ.App.1979). We find no such prejudice in this instance.
Defendants charge error in the instruction of the court as to the measure of damages allowable to plaintiff for breach of a rental agreement if the breach prevented the anticipated planting and growing of a crop.
Defendants correctly contend that the written charge requested by plaintiff is a variation of charge 11.27, Alabama Pattern Jury Instructions at 176. That charge in the accompanying “Notes on Use” is directed to be used only with respect to damage or destruction of growing crops. There is no pattern jury instruction as to the measure of damages for prevention of growing anticipated crops. The charge given was an attempt to vary APJI 11.27 to fit the evidence presented in this case. That evidence was an attempt to show the loss of the value of the anticipated crop by showing a comparable crop actually planted, harvested and marketed. The effect of such a charge, if properly stated, would be to set the measure of damages for the loss of the benefit of a lease of land when the anticipated crop was unplanted to be the loss of anticipated profits. Defendant is correct in contending that such is not the proper measure of damages in such cases.
The case of Snodgrass v. Reynolds, 79 Ala. 452 (1885) established, after extensive discussion of the principles involved, that the measure of damages for the anticipated loss of crops which a lessee is prevented from planting is the reasonable rental value of the land for the term of the lease, less any rent reserved or unpaid. The case of Tyson v. Chestnut, 118 Ala. 387 (1897) is in accord as is the majority of other states. 41 A.L.R.2d 1414; Lamkens v. International Harvester, 207 Ark. 637, 182 S.W.2d 203 (1944); Jay Clutter Custom Digging v. English, 393 N.E.2d 230 (Ind.App.1979); Franklin Drilling Co. v. Jackson, 202 Okl. 687, 217 P.2d 816 (1950); Sullivan v. Wire, 307 S.W.2d 704 (Mo.App.1957). It is therefore clear that the trial court erred in giving plaintiff’s requested charge number three.
It is to be noted that it is made evident by many of the cases cited, includ *1014 ing Snodgrass, and though anticipated profits from the unplanted crop of soybeans is not the proper measure of damages, either in an action for breach of contract or an action for breach of an implied covenant for quiet enjoyment (the measure of damages is generally the same in such actions), it is permissible to show probable yield of the leased land by comparison with known yields and profits from crops grown on comparable lands under comparable circumstances. Such evidence is not necessarily accepted as a basis for recovery of profits as damages, but facts from which the jury might draw a conclusion as to the value of the lease. Evans v. Newsome, 56 Ala.App. 651, 324 So.2d 791 (1975); Snodgrass, supra.
Thus defendants’ objection to the admission of evidence relating to the yield and profits made by plaintiff from soybeans planted on similar land nearby in the year 1979 were not well taken per se. We find no error in overruling the objections as they were made in this case. Had the court not given the incorrect charge as to the measure of damages, such evidence could have been available for consideration by the jury in determining the value of the lease. It would have been evidence tending to establish the fact sought to be proved. That is the test of relevance. International Agricultural Corp. v. Abercrombie, 184 Ala. 244, 63 So. 549 (1913); Evans v. Newsome, supra.
We consider the remaining issues presented by defendant relative to the oral charge of the court were not properly preserved for review under Rule 51, ARCP. Odom v. Lindsay, 365 So.2d 664, 666 (Ala. 1978); Leavell v. Nolin, 342 So.2d 1323 (Ala. Civ.App.1972). Further discussion of those issues is unnecessary in view of our decision for reversal. Neither is it necessary to discuss defendant’s complaint that the verdict of the jury is not supported by the evidence.
For the error stated, the verdict and judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.