The appellant was convicted of selling marijuana and sentenced to ten years.
According to Investigator Tyrone Anderson of the A.B.I., he and undercover agent Glenda Faye Davis went to appellant's residence in Elmore County at approximately 4:18 p.m. on September 11, 1981, to make a marijuana buy. At that time, Ms. Davis told appellant she wanted to purchase a "twenty cent bag" and appellant sold her 13.2 grams of marijuana for $20.
Defense witness Howard Bickley testified that he was with the appellant at the time the sale of marijuana was alleged to have occurred. Bickley said that he and appellant had driven to Alexander City that day and they did not return to appellant's house until 5 p.m. As they drove up, they saw several deputies on the premises but they did not see Investigator Anderson or Ms. Davis. Appellant corroborated Bickley's testimony and denied that he had ever seen or sold drugs to Ms. Davis.
Over appellant's objection, the state was allowed to question appellant on cross-examination regarding the presence of the deputies at his residence. Appellant acknowledged that the deputies were executing a search warrant when he arrived.
On rebuttal, the state called Elmore County Deputy Billy Hornsby, who testified that, pursuant to a search warrant, he seized the following items from appellant's home on September 11, 1981:
 "1 gram marijuana, 17 yellow tablets in plastic bag, 12 yellow tablets in plastic bottle, 21 white tablets in plastic bag, numerous coin envelopes, 1 set large scales, 1 set small scales. . . ."
The warrant and return were then admitted in evidence. Deputy Hornsby also testified that he found some money in a heating duct inside the house and that the refrigerator was stocked with beer and whiskey. The deputy stated that, when he drove up to appellant's residence about 5 p.m., he saw the appellant run across the yard and disappear behind the house.
Eclectic Police Chief Mike Lewis stated that he went to appellant's residence on the same afternoon and saw appellant running away from him.
Appellant contends that it was error to admit evidence regarding the execution of the search warrant subsequent to the marijuana buy at issue here, on the theory that it tended to show his guilt of crimes not charged in the indictment.
In our judgment, evidence of the later search was admissible to show appellant's plan, design, scheme, or on-going business system to engage in illegal drug transactions. See Terry v.State, 424 So.2d 710, 711 (Ala.Cr.App. 1982); C. Gamble,McElroy's Alabama Evidence § 70.01 (21)(c) (3d ed. 1977). See also Tucker v. State, 429 So.2d 1165, 1168 (Ala.Cr.App. 1983). *Page 638 
As the Attorney General points out, "[E]vidence of possession of other narcotic drugs, two sets of scales, baggies and coin envelopes commonly used for packaging marijuana, and hidden money is properly admitted to show that appellant was, on the date of the crime charged, engaged in the business of selling and was in possession of equipment and the means for so doing." Brief of Appellee at 15.
Appellant also maintains that the jury should not have been made aware of what items were seized during the search since there was no proof any of those items were controlled substances.
We note, first, that appellant's objection to Deputy Hornsby's reading the return on the warrant came after the deputy's answer. When an objection comes after an answer and there is no motion to exclude, there is nothing preserved for review. Flowers v. State, 402 So.2d 1088 (Ala.Cr.App.), cert. denied, 402 So.2d 1094 (Ala. 1981). Moreover, under the holdings of Smith v. State, 351 So.2d 668 (Ala.Cr.App.), cert. denied, 351 So.2d 675 (Ala. 1977), and Wilcox v. State,333 So.2d 202 (Ala.Cr.App. 1976), these items, though not conclusively shown to be contraband, were properly admitted in evidence. In Wilcox this court observed the following:
 "Judging from the listed items seized as shown in the lengthy return, their pharmaceutical character, names, labels and containers, a reasonable person would be impressed that the several rooms, residence and the curtilage room were used as a storage place for drugs and empty drug containers.
 "All of this evidence shed light on the use of the premises for drug use and traffic on this residential property. The presence of these items so listed on the return, which was introduced in evidence, created an atmosphere of drug possession and traffic. It is true that only the codeine tablets were mentioned in the indictment, but most of the seized items so listed were related thereto. The presence of the listed items on the premises was a part of the res gestae of the search. They were a part of the same transaction."
333 So.2d at 204.
Next, appellant insists that it was error to admit Deputy Hornsby's description of appellant's refrigerator as well-stocked with beer and whiskey, his comment that "[I]f anybody wanted a mixed drink, they could have a mixed drink," and his statement that money was found in a heating duct. However, appellant either failed to object or interposed only a general objection, without a statement of grounds, to all of the foregoing testimony. There was no error here. The trial court will not be put in error for admitting evidence over a general objection unless the matter is clearly inadmissible for any purpose and cannot be made legal by supplying other evidence. Ward v. State, 376 So.2d 1112 (Ala.Cr.App.), cert. denied, 376 So.2d 1117 (Ala. 1977).
Finally, appellant asserts that the trial judge erred by overruling his objection to the following portion of closing argument by the prosecutor:
 "HON. JANICE WILLIAMS: I want you to look at what they found. Marijuana, seventeen yellow tablets in a plastic bag, twelve yellow tablets in a plastic bottle, twenty-one white tablets in a plastic bag, coin envelopes, one large set of scales, and one small set of scales. The only pills that they could account for were these that were in this — twelve yellow capsules in a plastic bottle."
Appellant made the following objection:
 "HON.E.C. HORNSBY: Your Honor, we object. That is an improper inference to be drawn and is highly prejudicial to this defendant as to what could be accounted for. That is not an issue in this trial and we respectfully object and move for a mistrial.
"THE COURT: Overruled — motion denied."
Although appellant's objection at trial was aimed at what specific pills "could be accounted for" his argument on appeal is directed toward the claimed general inadmissibility *Page 639 
of any other drugs or drug paraphernalia found on the premises.
As we have pointed out, the items found pursuant to the warrant were admissible and were, therefore, properly the subject of argument by counsel. In addition, the prosecutor's comment regarding what pills "could be accounted for" was based on the testimony of appellant's wife that twelve of the tablets were prescribed for her. Appellant's objection and motion for mistrial were correctly overruled. See Watson v. State,398 So.2d 320, 328 (Ala.Cr.App. 1980), cert. denied, 398 So.2d 332
(Ala. 1981).
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.