Appellant David Dawkins was sentenced to 25 years' imprisonment after his conviction for the sale of cocaine in violation of the Alabama Uniform Controlled Substances Act, Ala. Code 1975 § 20-2-70. From this conviction, Dawkins asserts four issues on appeal.
 I
Appellant first asserts that the trial court abused its discretion in denying his motion for a continuance. It appears from the record that his case was first tried to a mistrial and was retried six days later, resulting in his conviction. Dawkins contends that there should have been a delay until he could secure a transcript of the proceedings of the first trial. Litigants in our system do not have such a right. Experience suggests that a litigant is rarely better prepared to try his case for the second time than six days after he has first tried it. In any event, questions of continuance are wisely left to the discretion of the trial court. Avery v.Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940);Fletcher v. State, 291 Ala. 67, 277 So.2d 882 (1973); Childersv. State, 389 So.2d 193 (Ala.Crim.App. 1980); Ala. Digest,Criminal Law, Key No. 1151.
In matters of continuances, the trial court's judgment will be overturned only for abuse of discretion. We find no such abuse here. II
Dawkins next contends that the court erred in admitting into evidence a tape recording made by the person who bought the cocaine from him, as well as in admitting a transcript of that recording. He objected to both on the grounds that portions of the recording were inaudible.
It is necessary to return to basic principles to consider whether an item of evidence is admissible. The relationship between these basic principles of evidence and the substantive law becomes apparent in practical application. Wigmore said that "if [it is assumed] that all evidence tends to establishsomething, it is true that every ruling sanctioning the exclusion of evidence on the grounds of irrelevance implicitly expresses an interpretation of the applicable substantive law — unless, of course, the evidence is offered for a specific purpose." 1 Wigmore, Evidence § 2 (Tillers rev. 1983) (emphasis in original).
Before evidence may be considered by the trier of fact, it must satisfy certain minimum requirements of admissibility.
The evidence must be material. Materiality of evidence has been defined as that quality of evidence which tends to influence the factfinder because of its logical connection or pertinency to the disputed issue. General Telephone Co. ofAlabama v. Cornish, 291 Ala. 293, 280 So.2d 541 (Ala. 1973);Mesereau v. Whitesburg Center, Inc., 47 Ala. App. 146,251 So.2d 765 (1971).
The evidence must be relevant. Evidence which is relevant has some tendency to make the existence of any fact or inference that is of consequence to the determination of the action more or less probable than it would be without the evidence. Rainesv. Williams, 397 So.2d 86 (Ala. 1981); Taylor v. Mason,390 So.2d 1046 (Ala. 1980); Cherry v. Hill, 283 Ala. 74,214 So.2d 427 (1972); Loftin's Rental All, Inc. v. Universal PetroleumServices, Inc., 344 So.2d 781 (Ala.Civ.App. 1977); Evans v.Newsome, 56 Ala. App. 651, 324 So.2d 791 (1975); Water SupplyBoard of the City of *Page 222 Arab v. Williams, 53 Ala. App. 560, 302 So.2d 534 (1974); StateFarm Mutual Auto Ins. Co. v. Griffin, 51 Ala. App. 426,286 So.2d 302 (1973).
What is relevant is a matter ordinarily within the discretion of the trial court. Unless such discretion is abused, it will not be considered error on appeal. Costarides v. Miller,374 So.2d 1335 (Ala. 1979); Ott v. Fox, 326 So.2d 836 (Ala. 1978);Donaldson v. Buck, 333 So.2d 786 (Ala. 1976); State Farm MutualAuto Ins. Co. v. Humphries, 293 Ala. 413, 304 So.2d 573 (1974);Alabama Music Co. v. Nelson, 282 Ala. 517, 213 So.2d 250
(1968).
The evidence must not be prohibited by the hearsay rule. The hearsay rule has traditionally precluded admissibility of a statement, other than one made by the declarant when testifying at the trial, offered into evidence to prove the truth of the matter asserted. Lavett v. Lavett, 414 So.2d 907 (Ala. 1982). There are, of course, many exceptions to the hearsay rule which are designed to aid the factfinder in reaching the true circumstances at issue. Dallas County v. Commercial UnionAssurance Co., 286 F.2d 388 (5th Cir. 1961).
Assuming that these preliminary hurdles are overcome, the proponent of any item of evidence must show that it is not unduly prejudicial or patently unfair to the opposing party. The determination of these factors is necessarily left to the sound discretion of the learned trial court.
The proffered evidence is competent, relevant, and material. It does not violate the hearsay rule. An item of auditory evidence is entitled to the same consideration as a piece of visible evidence such as a writing. A writing would not be rendered inadmissible just because some of the words were illegible. The same principles of evidence apply. Neither should this tape be rendered inadmissible merely because it is partially inaudible. The court did not err in admitting the tape and the typed transcript taken from it.
 III
Appellant contends the court erred in admitting into evidence testimony regarding a prior sale of cocaine by him. Such evidence is not proof of guilt of the appellant of the crime presently charged. Miller v. State, 405 So.2d 41 (Ala.Crim.App. 1981). A prior offense of the same kind, however, is frequently admissible under one or another of the numerous exceptions to this general rule. In Woods v. State, 437 So.2d 636
(Ala.Crim.App. 1983), evidence of another crime was received to show appellant's "plan, design, scheme, or on-going business system to engage in illegal drug transactions." 437 So.2d at 637. We think that the other illegal drug sale close in time to this one was admissible. Here, there are additional facts connecting the two: both buyer and location of the sale are the same as in the other case. The evidence was obviously admissible.
 IV
Appellant asserts that the trial court abused its discretion by not asking the jury panel if any of them or if any members of their immediate families had ever served on a grand jury. The legal standard to be applied as regards voir dire questioning of the venire is the sound discretion of the court. The court determines how far counsel may go in asking questions of the jury on voir dire. The nature, the variety, and the extent of the questions are left to the trial court. Our Supreme Court found no abuse of discretion where a trial court curtailed inquiry regarding prior service in Fletcher v. State,291 Ala. 67, 277 So.2d 882 (1973). We find no such abuse of discretion in the present case.
Based upon the foregoing, the judgment is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 223