Manuel Dee Rowell was arrested for illegal possession of cocaine following a police search of an automobile co-owned by him and a friend who had recently died and against whom cocaine charges had been pending at the time of his death. The search, which was performed pursuant to a proper search warrant, turned up a matchbox containing crack cocaine under the carpet of the floor on the driver's side and $800 in cash hidden in a boot located in the trunk of the car. Also, at the time of Rowell's arrest he was found to be wearing a telephone pager (beeper). Rowell's trial counsel made a motion in limine to exclude evidence regarding the telephone pager and the cash that had been found in the search of Rowell's car. That motion was eventually denied during the trial and the evidence was admitted. On appeal, the Court of Criminal Appeals, in an unpublished memorandum, ___ So.2d ___, ruled that the issue of admissibility of the telephone pager and the cash had not been properly preserved. On certiorari review, this Court, in its opinion of December 11, 1992, 666 So.2d 823, ruled that the issue had been preserved for appeal, and remanded the case for the Court of Criminal Appeals to determine whether that evidence had been properly admitted. On remand, that court ruled that the trial court had erred in allowing the evidence to be admitted, and it reversed the conviction. Rowell v.State, 666 So.2d 825 (Ala.Crim.App. 1993). We have again granted certiorari review.
The issue is whether evidence of the $800 and the telephone pager is admissible to prove possession of cocaine. The Court of Criminal Appeals held that although the evidence would be material on a charge of cocaine distribution, it was not material on the charge of cocaine possession. We disagree. The judgment of the Court of Criminal Appeals is reversed and the cause is remanded.
 I.
Alabama law is not clear on what type of circumstantial evidence may be used to show that a defendant had knowledge of drugs located within a car not in the defendant's exclusive possession; however, it is common knowledge that telephone pagers and large sums of cash are often associated with the illegal sale of drugs. Therefore, the crux of Rowell's contention is that the $800 and the telephone pager are evidence indicating the possible sale of cocaine. Rowell maintains that evidence supporting the inference that he was involved in a drug sale is distinct from evidence of possession and therefore not admissible to prove constructive possession of the drug.
This position is inconsistent with Alabama cases in which evidence of drug sales or drug use was admitted as circumstantial evidence indicating that the defendant constructively possessed a controlled substance. SeeRobinette v. State, 531 So.2d 697 (Ala. 1988); Garner v. State,606 So.2d 177 (Ala.Crim.App. 1992); Woods v. State,437 So.2d 636 (Ala.Crim.App. 1983); Reed v. State, 401 So.2d 131
(Ala.Crim.App. 1981); Smith v. State, 351 So.2d 668
(Ala.Crim.App. 1977). Judge Bowen dissented from the judgment reversing Rowell's conviction. We agree with Judge Bowen's statement that "[e]vidence that the defendant was involved in the sale of drugs may be highly material and relevant in a prosecution for possession of a controlled substance." 666 So.2d at 829. Judge Bowen stated, "In another context, [the Court of Criminal Appeals] has observed that possession and sale constitute 'inevitably or necessarily incidental' conduct," citing Tylerv. State, 587 So.2d 1238, 1242 (Ala.Crim.App. 1991). See alsoWoods v. State, 437 So.2d 636 (Ala.Crim.App. 1983); Pinson v.State, 52 Ala. App. 444, 446, 293 So.2d 869 (1974). *Page 832 
 II.
We recognize that in Ala. Code 1975, § 16-1-27, the Alabama legislature has prohibited students from carrying telephone pagers in our public schools, because of their relationship to illegal drug sales. In State v. Morgan, 557 So.2d 977
(La.App. 1990), the Louisiana Court of Appeals used the fact that a defendant was found in possession of a telephone pager, along with an address book and a handgun, to affirm a conviction for constructive possession of a controlled substance. Similarly, we conclude that under the circumstances of this case the fact that the defendant had a telephone pager on his person is material and relevant evidence in his prosecution for constructive possession of cocaine.
 III.
The Court of Criminal Appeals has held that evidence of the possession of a sum of money is admissible only if the State can prove the money was acquired through thenow-charged crime, see Wiggins v. State, 513 So.2d 73
(Ala.Crim.App. 1987). We note that money is acquired from the sale of drugs, but not mere possession. In other cases the Court of Criminal Appeals and this Court have accepted evidence of a sum of money as evidence supporting convictions of constructive possession of controlled substances. For example, in Robinettev. State, 531 So.2d 697 (Ala. 1988), this Court accepted the fact that the defendant had $5000 in his possession as evidence of the defendant's constructive possession of marijuana found in the "drug den" where he was present.
Recently, in Garner v. State, 606 So.2d 177
(Ala.Crim.App. 1992), the Court of Criminal Appeals accepted the defendant's possession of two specific $20 bills that had been used in a drug buy as evidence from which his knowledge of the presence of the seized cocaine could be inferred. Also, in Reedv. State, 401 So.2d 131 (Ala.Crim.App. 1981), the Court of Criminal Appeals affirmed a possession conviction based on the defendant's constructive possession of a large amount of marijuana. The conviction was based on evidence that other drugs, scales, cigarette rollers, guns, and $7,500 in cash were present in the house where the marijuana was found. The Court of Criminal Appeals held that this additional evidence was admissible "as part of the res gestae to show the 'complete story.' " 401 So.2d at 136. We conclude that Alabama case law recognizes that large sums of cash are relevant and material to a charge of constructive possession of a controlled substance, and our case law supports the admission of the evidence regarding the $800 found in the boot in the trunk of Rowell's car.
Under the circumstances of this case, the evidence regarding the $800 and the telephone pager was properly admitted to prove the defendant's constructive possession of the cocaine. Accordingly, the judgment of the Court of Criminal Appeals is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, SHORES, HOUSTON, STEAGALL, KENNEDY, INGRAM, and COOK, JJ., concur.
ALMON, J., dissents.