(127 So. 256)

**SULLIVAN et al. v. STATE.**

8 Div. 868.

Court of Appeals of Alabama.
March 18, 1930.

RICE, J.

Watts & White, of Huntsville, for appellants.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

It is evident from the wording of the affidavits in these cases that the prosecutions were brought against these appellants for the violation of section 3212 of the Code 1923, and that the form of indictment 71, was used in the preparation of the affidavits, as this form was therein literally followed.

We are of the opinion, for the acts herein complained of, that the prosecutions should have been under section 3474 of the 1923 Code, and that form 26 (of indictment) should have been used in the formulating of the affidavits.

The state having elected to proceed under section 3212 of the Code, which among other things makes it unlawful for any person to unlawfully, wantonly, or maliciously disfigure, destroy or injure any article or commodity of value of another, it was necessary, as in all criminal cases, for the state to meet the burden of proof resting upon it, to prove each and every material averment in the complaint, and under this statute it was necessary to prove the value of the injury or damage to the owner of the property, as the penalty for a violation of this statute is based upon the value of the injury or damage to the property, and the statute expressly provides, "on conviction [the defendant shall] be fined not less than twice the value of the injury or damage to the owner of the property," as a minimum punishment, nor more than five hundred dollars as a maximum. Upon these trials, there was no testimony showing or tending to show the value of the alleged injury or damage to the owner of the property; and, this being true, the court was without authority of law to assess a fine of fifty dollars against the defendants, as was done by the court in this case. It was error so to do. Moreover, the evidence of the state was allowed to take a very general course, the witnesses being permitted to testify generally as to what "they," did, and what he saw "them" doing, etc. There appears from the evidence that five persons were confined in the particular cell alleged to have been damaged, only three of whom were prosecuted, and the evidence for the defendant given by witness Bobbie Holley was specifically to the effect that she and one Gladys Davis, neither of whom was prosecuted, were the parties who committed the depredation complained of, and that these three appellants had nothing whatever to do with it. As to all this, however, if the case was rested upon this insistence, the presumption would be indulged that the trial court who saw the witnesses, observed their demeanor, and heard them testify, was in better position to judge thereof than this court could be, and that the court properly ruled upon the questions involved as to the weight or probative force of the evidence adduced upon the trial. Upon another trial, however, it would be but fair to the accused persons that the evidence should be more specific as to what, if any, part they took in the commission of the offense complained of.

We are of the opinion that the motion for a new trial was well taken, and should have been granted. No person should be convicted upon general principles, and every one accused of crime should be accorded a fair and impartial trial which the law contemplates.

The judgment of conviction of these three appellants, from which this appeal was taken, is reversed, and the cause remanded.

Reversed and remanded.