Richard Earl Moynes and Barbara Sullivan Pike pleaded guilty and were convicted of trafficking in cocaine in violation of Ala. Code 1975, § 20-2-80. Each defendant was sentenced to seven years' imprisonment. *Page 393 
In pleading guilty, both defendants preserved the right to appeal the question of the legality of the search of the automobile and the seizure of the cocaine. That is the only issue the defendants raise on this appeal from their convictions.
 I
Around 9:30 on the night of June 26, 1988, Jefferson County Deputy Sheriff Gary Harris received a telephone call from a confidential informant. The informant told him that "a white male in his fifties and a white female in her twenties were at Soso's Lounge on Valley Avenue, and [had] an ounce or more of cocaine in their possession at that time." The informant also stated that "these two subjects were about to leave the lounge with the cocaine and that they would be driving a silver Chevrolet Corvette, Georgia license plate LMC 733." The informant identified the white male as "Robert" and the female as "BJ," and told Deputy Harris where the Corvette was parked. The informant also told Harris that he "had better hurry, these people were about to leave."
Deputy Harris had had "several conversations" with his informant over a three-year period. On two or three occasions in the past, the informant had supplied him with information of the "same type as on this occasion." He had given Harris information resulting in search warrants. The informant had also given Deputy Harris information on two prior occasions that did not result in an arrest, although the information had been verified. Harris testified that "[o]ver the three year period that I've known this person I've probably made two arrests [and convictions] based on his or her information." Harris also stated that the informant had never given him incorrect information.
Deputy Harris testified that "Soso's is known as a gathering place for drug dealers," and that his informant had previously expressed to him the informant's knowledge of, experience with, and ability to recognize cocaine.
After receiving the telephone call, Deputy Harris drove to Soso's Lounge, arriving about 9:55 p.m. He was met there by two other patrol units. Harris then verified the informant's information that the Corvette with the described license tag was parked in front of the lounge where the informant had indicated. The deputies waited until the defendants had left the lounge, entered the Corvette and driven away before stopping the Corvette at 10:45 p.m., a short distance from the lounge. Defendant Moynes was driving. Defendant Pike was in the passenger seat.
A small clear plastic bag containing 3.503 grams of cocaine was discovered on the passenger's seat. Two small bags containing a total of 4.138 grams of cocaine were located in Pike's purse, along with $396 in United States currency and a small bottle containing .018 gram of cocaine residue. A total of 33.650 grams of cocaine was discovered in three plastic bags located under the driver's seat, along with $6,600 in U.S. currency. Cocaine paraphernalia was located in various interior portions of the Corvette.
On this appeal, the defendants argue that there was no probable cause for the search of the Corvette, emphasizing the fact that Deputy Harris observed no suspicious or unlawful conduct on the part of the defendants before the Corvette was stopped and searched.
Applying the totality-of-the-circumstances test for determining the existence of probable cause set out inIllinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527
(1983), we find that Deputy Harris had ample probable cause to stop and search the Corvette. Indeed, the facts of this case are sufficient to satisfy the more stringent "two-prong" test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509,12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410,89 S.Ct. 584, 21 L.Ed.2d 637 (1969).
Here, the informant's credibility was established because he had previously given accurate information and also because he had never given any erroneous information. See McClellan v.State, 415 So.2d 1238, 1239-40 (Ala.Cr.App. 1982). The basis *Page 394 
of the informant's knowledge was established because the informant's information was partially verified and because there was sufficient information to reasonably infer that the informant had gained his information in a reliable way. SeeHatton v. State, 359 So.2d 822, 826-27 (Ala.Cr.App. 1977), writ quashed, 359 So.2d 832 (Ala. 1978).
In White v. State, 550 So.2d 1074 (Ala.Cr.App.), cert. denied, 550 So.2d 1081 (Ala. 1989), cert. granted, ___ U.S. ___, 110 S.Ct. 834, 107 L.Ed.2d 830 (1990), this Court found that an anonymous telephone tip was insufficient, under the particular facts of that case, to supply probable cause for an investigatory stop of a motor vehicle. Although we distinguish an anonymoustelephone tip from information supplied by a previously tested confidential informant, we noted in White
that even an anonymous telephone tip may supply the reasonable suspicion necessary to justify the stop of a motor vehicle:
 "We begin our analysis of the instant tip with an expression of agreement with the commentator that the factors of Aguilar and its progeny are still 'highly relevant.' We also note that the weight of each factor cannot be set by a strict across-the-board rule, but rather depends on the totality of the circumstances of each case. However, we do declare the following two principles in determining the presence of the factors. First, corroboration of the details of the anonymous informer's tip — even innocent details — may establish the informant's veracity. See Note, Stop and Frisk Based Upon Anonymous Telephone Tips, [39 Wn. Lee L.Rev. 1437, 1450-51 (1982)]. We strongly caution, however, that the details corroborated should be impressive, as to number and specificity, under the particular circumstances, if corroboration is to be utilized to establish the tipster's credibility. This brings us to our second principle: detail in the anonymous tip can support the inference that the informant has an adequate basis of knowledge. Id. at 1449-50. However, the detail must demonstrate that the anonymous informant had special familiarity with the affairs of the suspect. 3 W. LaFave, [Search and Seizure] at § 9.3(e), p. 484 [2d ed. (1987)]. For an example of cases wherein a detailed tip, which proved through corroboration to be accurate in all innocent details, can furnish the reasonable suspicion necessary for a Terry stop, see White v. United States, [454 U.S. 924, 102 S.Ct. 424, 70 L.Ed.2d 233 (1981) (White, J., dissenting from denial of certiorari)]."
White, 550 So.2d at 1078. See also Bishop v. State,518 So.2d 829, 830-31 (Ala.Cr.App. 1987). Here, the information provided by the confidential informant, coupled with the partial corroboration of that information, provided Deputy Harris with ample probable cause to stop and search the Corvette. The motion to suppress was properly denied.
 II
The circuit judge sentenced the defendants to a term of imprisonment but failed to impose a fine. Under Ala. Code 1975, § 20-2-80(2)(a) (transferred to § 13A-12-231(2)(a) effective September 30, 1988) imposition of a $50,000 fine is mandatory.Sears v. State, 479 So.2d 1308, 1314 (Ala.Cr.App. 1985). Therefore, this cause is remanded for proper sentencing. The circuit court is directed to impose the mandatory $50,000 fine upon each defendant in addition to the term of imprisonment already imposed and to make proper return to this Court reflecting that action.
REMANDED WITH DIRECTIONS.
All Judges concur. *Page 395