The appellant, Gary Wamble, was convicted of arson in the second degree, a violation of § 13A-7-42, Code of Alabama 1975, and was sentenced to 15 years in the penitentiary. On appeal, he alleges that the trial court erred in denying his motion to suppress evidence seized as a result of a search warrant which he claims was issued without probable cause.
The appellant relies on Aguilar v. Texas, 378 U.S. 108,84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and maintains that the search warrant was based on nothing more than a mere "bare bones" affidavit and was, therefore, insufficient to support a finding of probable cause. The search warrant reads in pertinent part as follows:
 "[T]hat Gary Wamble, whose name to the affiant is otherwise unknown, has in his residence located at 121 Ozark Road in Abbeville, Alabama, 2 jars of pennies taken in a burglary in Abbeville, Alabama. Affiant's probable cause for believing is as follows: a reliable informant who has given information that has been proven reliable in the past saw the pennies at this residence within the past 48 hours."
In seeking the warrant, Deputy Sheriff Michael Jones informed the issuing judge that several household items were missing from the burned residence and that all of these items, with the exception of two gallon jars filled with pennies, had been recovered from a "gully" which served as a trash dump for several families. He also informed the judge that several documents bearing the appellant's name were recovered from this same gully. At this meeting, the judge was also informed that the appellant lived next door to the burned house and that he was known to be extremely upset due to serious marital difficulties on the date of the arson.
An issuing judge's determination that sufficient probable cause existed to support the warrant is "entitled to great deference and is conclusive in the absence of arbitrariness."United States v. Pike, 523 F.2d 734 (5th Cir. 1975), reh'g denied, 525 F.2d 1407, cert. denied, 426 U.S. 906,96 S.Ct. 2226, 48 L.Ed.2d 830 (1976). When reviewing a lower court's decision to issue a search warrant, this court looks to the totality of the information available to the issuing judge and does not restrict its review to the "four corners" of the affidavit. United States v. Character, 568 F.2d 442 (5th Cir. 1978). Furthermore, the correct standard of review is whether the issuing judge had a "substantial basis" for concluding that probable cause existed. Illinois v. Gates, 462 U.S. 213, 238,103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). Even in *Page 111 
cases where the affidavit on its face is insufficient to support a finding of probable cause, oral testimony may be presented to show that there was sufficient evidence disclosed to the issuing judge which would sustain his finding that probable cause existed at the time the warrant was issued.Robinette v. State, 531 So.2d 682, rev'd on other grounds,531 So.2d 697, on remand, 531 So.2d 699 ((Ala.Cr.App. 1988).
In the present case, we hold that the issuing judge did indeed have a substantial basis for concluding that probable cause did exist to support the search warrant. In addition to the facts presented in the affidavit, the judge was made aware of the following facts: that the appellant was the next-door neighbor of the victim, that the stolen items were found along with documents bearing the appellant's name, and that the appellant was unstable at the time of the fire due to marital difficulties. Therefore, because there was a valid finding of probable cause, the search warrant does not fail and the trial court correctly denied the appellant's motion to suppress evidence obtained through the use of the search warrant.
The appellant also suggests that the scope of the warrant was overbroad in that it failed to correctly describe the stolen jars of pennies as "gallon jars." The warrant described the stolen property as "2 jars of pennies taken in a burglary inAbbeville, Alabama" (emphasis added). This description is sufficiently specific in light of other corroborating details contained in the warrant, such as the informant's seeing the pennies in the appellant's residence within the past 48 hours.United States v. Blum, 753 F.2d 999 (11th Cir. 1985).
For the reasons stated above, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.