WISE, Presiding Judge.
 

 The appellee, Patrick Terranzo Malone, was indicted for first-degree unlawful possession of marijuana and unlawful possession of drug paraphernalia. Malone moved to suppress evidence law enforcement officers seized pursuant to the execution of a search warrant. After conducting a hearing, the trial court granted Malone’s motion to suppress. This appeal by the State followed.
 

 The State argues that the trial court erroneously granted Malone’s motion to suppress the evidence law enforcement officers seized pursuant to the execution of a search warrant. Specifically, it contends that the trial court erroneously found that the affidavit in support of the issuance of the search warrant did not establish that marijuana would be found in Malone’s house. During the suppression hearing, Malone asserted that the affidavit did not establish probable cause to support the issuance of the search warrant because it did not set forth sufficient information to establish that marijuana would be found in his house. At the conclusion of the suppression hearing, the trial court stated:
 

 “I’m going to grant the motion. It does not appear on the face of the affidavit set forth that would provide probable cause to believe that drugs were in this house as opposed to any other place, i.e., his car.”
 

 (R. 22.)
 

 In
 
 State v. Hill,
 
 690 So.2d 1201, 1203-04 (Ala.1996), the Alabama Supreme Court stated the following with regard to standards of review to be applied when reviewing a trial court’s ruling on a motion to suppress:
 

 “As a preliminary matter, we note that there has been some debate regarding the applicable standard of appellate review. In its unpublished memorandum, the Court of Criminal Appeals showed great deference to the trial court’s decision to suppress the evidence of the cocaine and marijuana. It stated:
 

 “ ‘[A] trial court’s ruling on a motion to suppress will not be disturbed unless it is “palpably contrary to the weight of the evidence.”
 
 Patterson v. State,
 
 659 So.2d 1014 (Ala.Cr.App.1995). The trial court is in a far better [sic] than this court to rule on the merits of a motion to suppress.
 
 Sullivan v. State,
 
 23 Ala.App. 464, 127 So. 256 (1930). The trial court’s ruling [on] the motion to suppress was not palpably wrong.’
 

 “The State contends that the deference of the Court of Criminal Appeals to the judgment of the trial court was unwarranted. It claims that an appellate court should review de novo the trial court’s finding that ‘reasonable suspicion’ was lacking, because the facts in the case are not in dispute. We agree.
 

 “The trial judge made his ruling following a hearing at which he heard oral testimony only from Officer Bailey. We stated in
 
 Ex parte Agee,
 
 669 So.2d 102 (Ala.1995):
 

 “ ‘Where evidence is presented to the trial court
 
 ore tenus
 
 in a nonjury case, a presumption of correctness exists as to the court’s conclusions on issues of
 
 *495
 
 fact; its determination will not be disturbed unless clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.
 
 Odom v. Hull,
 
 658 So.2d 442 (Ala.1995).
 
 Hotvever, when the trial court improperly applies the laio to the facts, no presumption of correctness exists as to the court’s judgment. Ex parte Board of Zoning Adjustment of the City of Mobile,
 
 636 So.2d 415 (Ala.1994).’
 

 “669 So.2d at 104. ‘Where the evidence before the trial court was undisputed the ore tenus rule is inapplicable, and the Supreme Court will sit in judgment on the evidence de novo, indulging no presumption in favor of the trial court’s application of the law to those facts.’
 
 Stiles v. Brown,
 
 380 So.2d 792, 794 (Ala.1980) (citations omitted).”
 

 (Emphasis added.)
 

 “When determining probable cause, ‘[a]n issuing judge’s determination that sufficient probable cause existed to support the warrant is “entitled to great deference and is conclusive in the absence of arbitrariness,” ’
 
 Wamble v. State,
 
 593 So.2d 109, 110 (Ala.Cr.App.1991), quoting
 
 United States v. Pike,
 
 523 F.2d 734 (5th Cir.1975), cert. denied, 426 U.S. 906, 96 S.Ct. 2226, 48 L.Ed.2d 830 (1976), and a reviewing court need determine only that a magistrate or judge had a ‘substantial basis’ for concluding that probable cause existed.
 
 Illinois v. Gates,
 
 462 U.S. 213, 238-39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983);
 
 Sullivan v. State,
 
 651 So.2d 1138 (Ala.Cr.App.1994);
 
 McCray v. State,
 
 501 So.2d 532 (Ala.Cr.App.1986). This court has previously stated:
 

 “ ‘The present test for determining whether an informant’s tip establishes probable cause is the flexible totality-of-the-circumstances test of
 
 Illinois v. Gates,
 
 [462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)]. The two prongs of the test of
 
 Aguilar v. Texas,
 
 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and
 
 Spinelli v. United States,
 
 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), involving informant’s veracity or reliability and his basis of knowledge, “are better understood as relevant considerations in the totality of circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.”
 
 Gates,
 
 [462 U.S. at 223,] 103 S.Ct. at 2329.... Probable cause involves “a practical, common sense decision whether, given all the circumstances, ... including the ‘veracit/ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.”
 
 Gates,
 
 [462 U.S. at 238,] 103 S.Ct. at 2332.’
 

 “Pugh v. State,
 
 493 So.2d 388, 392 (Ala.Cr.App.1985), aff'd, 493 So.2d 393 (Ala.1986).
 

 “ ‘Reference to a confidential informant’s “track record” of past performances is a viable means of determining his credibility.’
 
 Reese v. State,
 
 456 So.2d 341, 349 (Ala.Cr.App.1982), cert. denied, 464 U.S. 838, 104 S.Ct. 127, 78 L.Ed.2d 124 (1983). See also
 
 Moynes v. State,
 
 568 So.2d 392, 393 (Ala.Cr.App.1990);
 
 Carter v. State,
 
 435 So.2d 137, 139 (Ala.Cr.App.1982).... In addition, corroboration supplied by the personal observations of the police officers lends support to the reliability and veracity of the informant. See
 
 Moynes,
 
 568 So.2d 392;
 
 Dale v. State,
 
 466 So.2d 196 (Ala.Cr.App.1985).”
 

 
 *496
 

 Money v. State,
 
 717 So.2d 38, 42-43 (Ala.Crim.App.1997).
 

 ‘“[T]he facts supporting the warrant must show probable cause to believe that the criminal objects are presently in the place to be searched,
 
 Durham v. United States,
 
 403 F.2d 190, 193 (9th Cir.1968), and “it cannot follow in all cases, simply from the existence of probable cause to believe a suspect guilty, that there is also probable cause to search his residence.”
 
 United States v. Lucarz,
 
 430 F.2d 1051, 1055 (9th Cir.1970).
 

 “ ‘But it is also clear that interpreting a search warrant in the proper “commonsense and realistic fashion,”
 
 United States v. Ventresca, supra,
 
 380 U.S. [102] at 108, 85 S.Ct. 741, [745, 13 L.Ed.2d 684] may result in the inference of probable cause to believe that criminal objects are located in a particular place to which they have not been tied by direct evidence.’
 
 United States v. Velenzuela,
 
 596 F.2d 824, 828 (9th Cir.), cert. denied sub nom.
 
 Lizarraga v. United States,
 
 441 U.S. 965, 99 S.Ct. 2415, 60 L.Ed.2d 1071 (1979).
 

 “... ‘[T]he nexus between the objects to be seized and the premises searched can be established from the particular circumstances involved and need not rest on direct observation.’
 
 United States v. Lockett,
 
 674 F.2d 843, 846 (11th Cir. 1982).
 

 “ ‘Controlled substances are of considerable value on the street, much sought after by users, and, unless kept in a safe place, subject to theft. Wide experience over the years has demonstrated that such items are usually kept in a dealer’s place of residence and under constant surveillance or supervision. The defendant was obviously a dealer. He had “pounds” of marijuana. Such a quantity would not be carried on his person or left unprotected in an automobile. Where then does logic and common sense dictate that it would be kept? There is only one answer, his residence.’
 
 State v. Bernth,
 
 196 Neb. 813, 246 N.W.2d 600, 602 (1976), cert. denied, 430 U.S. 948 [97 S.Ct.
 
 1587, 51
 
 L.Ed.2d 797] (1977).
 

 “See W. LaFave, 1
 
 Search And Seizure
 
 § 3.7(d) (1978).
 

 “In assessing the adequacy of a search warrant affidavit, ‘[t]he focus of judicial inquiry should not be upon a “grading of the paper” of the affiant, but rather, should be based upon whether the constitutional rights of the party subject to the search will be violated if the warrant is issued.’
 
 United States v. Sorrells,
 
 714 F.2d 1522, 1528 (11th Cir.1983).”
 

 Gord v. State,
 
 475 So.2d 900, 905 (Ala.Crim.App.1985).
 

 In his affidavit in support of the issuance of the search warrant, Officer Matthew Chance of the Decatur Police Department stated:
 

 “My name is Matthew Chance and I am Thirty-Two years of age and a resident of Limestone County, Alabama. I am employed as a Police Officer for the City of Decatur, and have been so employed for approximately seven years.
 

 [[Image here]]
 

 “Your affiant offers the following facts and information in support of his belief that probable cause exists for the issuance of a search warrant, to-wit:
 

 “During the years of 2006 and 2007, members of the Decatur Police Department’s Organized Crime Unit have been receiving information from numerous different sources about Patrick Malone selling quantities of marihuana throughout the City of Decatur, Alabama. Your affiant has met with informants that
 
 *497
 
 have provided information about Patrick Malone meeting at local businesses when selling marihuana as a means of preventing law enforcement from knowing where Malone is storing and delivering the marihuana from.
 

 “Within the past forty eight hours, your affiant met with a confidential and reliable informant at a secure location. Your affiant searched the person of the informant and determined that the informant had no controlled substances on their person. Your affiant also searched the vehicle the informant would be driving and determined the vehicle contained no controlled substances. Your affiant then gave the informant a quantity of money to purchase a quantity of marihuana from Patrick Malone. Sergeant Faron White then followed the informant directly to a local business in the City of Decatur, Alabama.
 

 “Your affiant then went to the above described residence and began conducting surveillance. Your affiant witnessed Patrick Malone leave the residence in a vehicle and drive directly to the predetermined location where the informant was waiting.
 

 “Sergeant Faron White witnessed the informant meet with Patrick Malone at the predetermined location. The informant and Patrick Malone then departed in separate directions. Sergeant White then followed the informant to a secure location where the informant handed over a quantity of marihuana and stated that the informant had just purchased it from Patrick Malone. The informant also stated that the informant [had] seen Patrick Malone in possession of additional quantities of marihuana packaged for sale.
 

 “Your affiant followed Patrick Malone back to the above described residence after the transaction with the informant.”
 

 (C.R. 16-18.)
 

 In this case, Chance saw Malone leave his house before the sale and drive directly to the location of the sale. Further, Chance asserted that the confidential informant said that Malone had additional quantities of marijuana packaged for sale. Finally, Chance asserted that he followed Malone back to the residence after the sale had been completed. Therefore, based on the totality of the circumstances, the information contained in Chance’s affidavit established a nexus between the location of the controlled buy and Malone’s house and established probable cause to support the issuance of the search warrant.
 

 Moreover, “[e]vidence obtained by officers acting in objectively reasonable reliance on a warrant issued by a neutral and detached magistrate need not be excluded, even if the warrant is ultimately found to be invalid.
 
 United States v. Leon,
 
 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).”
 
 Tolbert v. State,
 
 718 So.2d 731, 734 (Ala.Crim.App.1997).
 

 “In
 
 Leon,
 
 the United States Supreme Court recognized four circumstances in which the good-faith exception was inapplicable: (1) when the magistrate or judge relies on information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) when the magistrate wholly abandons his judicial role and fails to act in a neutral and detached manner; (3) when the warrant is based on an affidavit so lacking [in] indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) when the warrant is so facially deficient that the executing officer cannot reasonably presume it to be valid.”
 

 
 *498
 

 Straughn v. State,
 
 876 So.2d 492, 500 (Ala.Crim.App.2003).
 

 The record does not indicate that the affidavit contained false information or that the issuing judge did not act in a neutral and detached manner. Also, the affidavit was not so lacking in indicia of probable cause and the warrant was not so facially deficient that officers could not have reasonably relied upon it. Because the officers relied upon the search warrant in good faith, the evidence they seized pursuant to that warrant was admissible even if the search warrant was not valid.
 

 For these reasons, the trial court erroneously granted Malone’s motion to suppress the evidence law enforcement officers seized pursuant to the search warrant. Accordingly, we reverse the trial court’s judgment and remand this case for proceedings that are consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 WELCH and WINDOM, JJ., concur.
 

 KELLUM, J., concurs in the result.