KELLUM, Judge.
The appellant, Richard Lamar Bolden, was convicted of trafficking in marijuana, a violation of § 13A-12-231, Ala.Code 1975. The circuit court sentenced Bolden as a habitual felony offender with one prior felony conviction to life imprisonment. The circuit court ordered Bolden to pay a $25,000 fine; $10,000 to the crime victims compensation fund; a drug-demand-reduction fee of $2,000; a $200 fee to the Forensic Science Trust Fund; and court costs.
Bolden does not challenge on appeal the sufficiency of the evidence. Therefore, only a brief recitation of the facts is necessary in this case. Bolden was convicted of trafficking in marijuana based on evidence seized from a search of a residence on Eddins Road. Before trial, Bolden moved to suppress evidence seized from the Ed-dins Road residence, and the circuit court held a suppression hearing. Bolden argued that the affidavit for a search warrant provided “no basis for Judge Men-dheim to reasonably conclude that any criminal activity was likely occurring” at that time and that no probable-cause determination could have been made. (C. 62.) At the suppression hearing, the circuit court relied on the following evidence.
Officer Ray Mock, a police officer with the Dothan Police Department, testified that he obtained a search warrant based on information gathered from a two-day investigation. On August 12, 2011, Officer Mock executed a search warrant for a residence on Bruce Street and discovered a large quantity of cocaine and marijuana, over $1,500 in cash, and a pistol. Bolden’s live-in girlfriend was arrested at the scene. Although Bolden was not arrested at that time, officers obtained an arrest warrant for him. Officers began conducting surveillance on the Eddins Road residence after learning that it was Bolden’s second residence.
On August 11, 2011, Officer Mock received information that Bolden was seen driving a green Chevrolet Impala automobile. Officer Mock also learned that Bol-den possessed a high-capacity assault rifle; he testified that he learned this information within 24 hours of obtaining the search warrant. On that day, Jason Adkins, a sergeant with the Dothan Police Department, was conducting surveillance on the Eddins Road residence and observed a green Chevrolet Impala arrive at the residence followed by a black Ford Focus automobile. Later, Bolden and the driver of the Ford Focus, Shawnda Owens, exited the residence and left in the black Ford Focus. Officers performed a traffic stop and arrested Bolden. No drugs or weapons were found during a search of the vehicle and its passengers.
*741 After Bolden was arrested, Officer Mock submitted an affidavit and application for a search warrant of the Eddins Road residence. The affidavit stated that Officer Mock believed that there was illegal drug activity and weapons at the Eddins Road residence. Officer Mock supported this contention with the following informátion:
“On 8-10-2011, at approximately 1945 hours, I along with other members of the Dothan Vice Unit executed a search warrant at_Bruce Street. The warrant obtained from information given by a ' reliable and confidential informant that Richard Bolden, a.k.a. ‘Gambino’, was keeping Cocaine in that residence. During the search of the residence, I recovered over 28 grams of off white powder and compressed off white powder, which field tested positive for the presence of Cocaine. I also recovered 1 7/8 ounces of green plant material I believed to be marihuana, $1,554.00 in ,U.S. currency, a Hi-Point Semi-automatic pistol, and other packaging materials.
“Bolden’s live-in girlfriend, Tabitha Walker, was charged with Trafficking in Cocaine and Possession of Marijuana, 1st degree. Bolden was not at .the residence at the time of the search warrant and did not return. I obtained arrest warrants for him on today’s date, 8-11-2011, charging him with Trafficking in Cocaine, and Possession of Marihuana, 1st degree.
“At about 1600 hours today I spoke with a confidential source who told me that Bolden was seen driving a dark green Chevrolet Impala. The source did not have any other information on Bolden’s whereabouts.
“At about 1700 hours today, SGT Jason Adkins spoke with a reliable and confidential informant (Cl) who has given information in the past that proved to be true and correct.. The Cl told SGT Adkins that Bolden had another residence on Eddins Road in Cowarts, Alabama. The Cl gave SGT Adkins directions to the residence which the Cl stated was a mobile home. SGT Adkins drove to Eddins Road and located, the mobile home at_ Eddins Road, lot — He also observed a dark green Chevrolet Impala parked in the yard with a Georgia licence plate. SGT Ad.kins, Investigator David Saxon, .Investigator Jon Givens, Investigator Taiwan Truitt, and I began surveillance of the home and the car.
“At about 1800 hours a black 2001 Ford Focus stopped at the residence and Shawnda Owens (d.o.b.' 8-2-1977) exited the car. She walked inside the mobile home and closed the door behind her.
“At about 2000 hours, SGT Adkins observed Bolden and Owens exit the mobile home and get into the Ford Focus. Bolden sat in the front passenger seat and the female sat in the driver’s seat. SGT Adkins followed the car away from the residence and- initiated a traffic stop in the 700 block of Falcon Drive. The car. stopped and Bolden got out of the car and attempted to run away.. After a short foot pursuit Bolden was apprehended.
“Investigator Givens and CPL Jeff Arnold responded back to the mobile home and attempted to make contact with anyone on the inside. No one would respond to the officers. CPL Arnold ran the tag on the Impala through dispatch and found it registered to Ka-maliah Bolden of Blakely Georgia. Investigator Givens told me that the tax stamp on the mobile home had the serial number,_
“... I know that illegal drug traffickers take many steps to disguise their *742 business and to hide their drugs and cash proceeds. It is common for drug traffickers to keep their money and drugs separated, many times at different residences. It is also common for drug traffickers to keep written records of their transactions (drug ledgers).
“I believe that Richard Bolden is keeping illegal drugs, U.S. currency, and drug ledgers at the mobile home located at _ Eddins Road, lot _, Cowarts Alabama, with tax stamp serial number
“I have also spoken with a reliable and confidential informant (Cl) who has given information in the past that proved to be true and correct. Today, this Cl told me that Bolden possesses an assault rifle with a high capacity drum magazine. This rifle was not found in the residence at_Bruce Street. I believe this rifle is inside the residence at _ Eddins Road, lot _, Cowarts Alabama, with tax stamp serial number
(C. 78-74.)
The circuit court granted the search warrant of the Eddins Road residence. In a search of the Eddins Road residence, officers discovered approximately two and a half pounds of marijuana.
Following Officer Mock’s testimony at the suppression hearing, the circuit court denied Bolden’s motion to suppress. Bol-den was subsequently tried and convicted of trafficking in marijuana. This appeal followed.
Bolden’s sole contention on appeal is that the circuit court erred when it denied his motion to suppress. Specifically, Bol-den argues that “the affidavit underlying the search warrant was constitutionally deficient on the grounds that it did not include information that specified when the confidential informant learned the information that he/she reported to Officer Ray Mock with the Dothan Police Department.” (Bolden’s brief, p. 14.)
In State v. Landrum, 18 So.3d 424 (Ala. Crim.App.2009), this Court explained:
“ ‘This Court reviews de novo a circuit court’s decision on a motion to suppress evidence when the facts are not in dispute. See State v. Hill, 690 So.2d 1201, 1203 (Ala.1996); State v. Otwell, 733 So.2d 950, 952 (Ala.Crim.App.1999).’ State v. Skaggs, 903 So.2d 180, 181 (Ala.Crim.App.2004).”
Because the evidence presented at the suppression hearing is not in dispute, the only issue before this Court is whether the circuit court correctly applied the law to the facts presented at the suppression hearing, and we afford no presumption in favor of the circuit court’s ruling.
“When determining probable cause, ‘[a]n issuing judge’s determination that sufficient probable cause existed to support the warrant is “entitled to great deference and is conclusive in the absence of arbitrariness,” ’ Wamble v. State, 593 So.2d 109, 110 (Ala.Crim.App.1991), quoting United States v. Pike, 523 F.2d 734 (5th Cir.1975), cert. denied, 426 U.S. 906, 96 S.Ct. 2226, 48 L.Ed.2d 830 (1976), and a reviewing court need determine only that a magistrate or judge had a ‘substantial basis’ for concluding that probable cause existed. Illinois v. Gates, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); Sullivan v. State, 651 So.2d 1138 (Ala.Crim.App.1994); McCray v. State, 501 So.2d 532 (Ala.Crim.App.1986). This court has previously stated:
“ ‘The present test for determining whether an informant’s tip establishes probable cause is the flexible totality-of-the-circumstances test of Illinois v. Gates, [462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)]. The two *743 prongs of the test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), involving the informant’s veracity or reliability and his basis of knowledge, “are better understood as relevant considerations in the totality of circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.” Gates, [462 U.S. at 233,] 103 S.Ct. at 2329_ Probable cause involves “a practical, common sense decision whether, given all the circumstances, ... including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.” Gates, [462 U.S. at 238,] 103 S.Ct. at 2332.’
“Pugh v. State, 493 So.2d 388, 392 (Ala.Crim.App.1985), aff'd, 493 So.2d 393 (Ala.1986).
“ ‘Reference to a confidential informant’s “track record” of past performances is a viable means of determining his credibility.’ Reese v. State, 456 So.2d 341, 349 (Ala.Crim.App.1982), cert. denied, 464 U.S. 838, 104 S.Ct. 127, 78 L.Ed.2d 124 (1983). See also Moynes v. State, 568 So.2d 392, 393 (Ala.Cr.App.1990); Carter v. State, 435 So.2d 137, 139 (Ala.Crim.App.1982). An informant’s reliability may be verified by other law enforcement officers who have worked with the informant on prior occasions. See Usery v. State, 668 So.2d 919, 921 (Ala.Crim.App.1995). See also Ex parte Boyd, 542 So.2d 1276, 1284 (Ala.), cert. denied, 493 U.S. 883, 110 S.Ct. 219, 107 L.Ed.2d 172 (1989) (probable cause may be established from the collective knowledge of the police, citing United States v. Hawkins, 595 F.2d 751, 752-53 n. 2 (D.C.Cir.1978), cert. denied, 441 U.S. 910, 99 S.Ct. 2005, 60 L.Ed.2d 380 (1979)). In addition, corroboration supplied by the personal observations of the police officers lends support to the reliability and veracity of the informant. See Moynes, 568 So.2d 392; Dale v. State, 466 So.2d 196 (Ala.Crim.App.1985).”
Money v. State, 717 So.2d 38, 42-43 (Ala.Crim.App.1997).
Applying the “totality-of-the-circumstances” test set out in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), to the instant case, we conclude that there was sufficient probable cause and specificity in the affidavit for the issuance of the search warrant in this ease. Officer Mock received information from a confidential informant. This information led to a search warrant that produced significant quantities of marijuana and cocaine. Afterward, officers obtained an arrest warrant for Bolden. Officers then learned that Bolden was driving a green Chevrolet Impala. Bolden and the green Chevrolet Impala were seen at the Eddins Road residence, and officers began surveillance of the vehicle and the residence. Within 24 hours of obtaining a search warrant, Officer Mock learned from a reliable confidential informant that Bolden possessed an assault rifle with a high-capacity drum-style magazine. Because the affidavit was based on the personal observations of Dothan police officers and a confidential informant with a proven track record of veracity and reliability, there was sufficient evidence disclosed to the issuing judge to sustain the finding that probable cause to search the Eddins Road residence existed at the time the search warrant was issued.
*744 In any event, even if this Court were to determine that the affidavit was faulty, the United States Supreme Court has held that evidence need not be excluded, even if the warrant is ultimately determined to be invalid:
“Moreover, ‘[e]vidence obtained by officers acting in objectively reasonable reliance on a warrant issued by a neutral and detached magistrate need not be excluded, even if the warrant is ultimately found to be invalid. United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).’ Tolbert v. State, 718 So.2d 731, 734 (Ala.Crim.App.1997).
“ ‘In Leon, the United States Supreme Court recognized four circumstances in which the good-faith exception was inapplicable: (1) when the magistrate or judge relies on information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) when the magistrate wholly abandons his judicial role and fails to act in a neutral and detached manner; (3) when the warrant is based on an affidavit so lacking [in] indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) when the warrant is so facially deficient that the executing officer cannot reasonably presume it to be valid.’
“Straughn v. State, 876 So.2d 492, 500 (Ala.Crim.App.2003).
“The record does not indicate that the affidavit contained false information or that the issuing judge did not act in a neutral and detached manner. Also, the affidavit was not so lacking in indicia of probable cause and the warrant was not so facially deficient that officers could not have reasonably relied upon it. Because the officers relied upon the search warrant in good faith, the evidence they seized pursuant to that warrant was admissible even if the search warrant was not valid.”
State v. Malone, 25 So.3d 493, 497-98 (Ala.Crim.App.2009),
In light of the foregoing, even if there were deficiencies in Officer Mock’s affidavit, we cannot say that the evidence seized as a result of the warrant should have been suppressed.
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
WINDOM, P.J., and BURKE, J., concur in the result.
JOINER, J., concurs in the result, with opinion, joined by BURKE, J. WELCH, J., dissents, with opinion.